JANE OZHAM ET AL *v.* WILLIAM STEPHENS ET AL.

Wills—Undue Influence—Exclusion of Children.

> A will, voluntarily made, unconstrained by influence or dictation by any one, will be upheld, though all the testators property be given therein to a second wife and son, to the exclusion entirely of a former divorced wife and children.

APPEAL FROM ESTILL CIRCUIT COURT.

February 11, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

· Matthias Ozham died at the age of about 57 years, having recently before, and during his last illness, executed a will which is the subject of this controversy, it having been admitted to probate in the county court, and subsequently set aside by the judgment of the circuit court, from which this appeal is prosecuted.

The testator was twice married, having been divorced from his first wife, who as well as the last one, survived him, and by the provisions of the will the last wife and her infant son, who are

now appellants, were preferred to the children of the first marriage, who contested the will in the court below.

Incompetency of the testator, and undue influence of his wife over him, were the alleged grounds for setting the will aside, and are now relied on as reasons for an affirmance.

The judgment cannot be sustained on either ground. The proof does not admit of a reasonable doubt that the testator had sufficient capacity to make a valid testamentary disposition of his estate, such as the paper in contest purports to make, and although from some cause, not fully explained, but perhaps connected with his separation from his first wife, he had become, to some extent, estranged from his children by his marriage with her, it does not appear that his second wife had any agency, or exerted an influence over him to induce the execution of the will, nor does it appear that she possessed such an influence over him as to have had it in her power to unduly control his action, or subordinate his will. Nor is the conclusion authorized by the evidence that the will was the result of insane aversion to the appellees.

Whatever may have been the testator's reasons for discriminating between the objects of his bounty, he seems to have done so of his own voluntary will, unconstrained by the influence or dictation of any one. Therefore we must adjudge the paper in contest, to be the true last will and testament of Matthias Ozham, deceased.

Wherefore the judgment of the circuit court is reversed and the cause remanded with directions to affirm the judgment of the county court of Estill county, admitting the will to record.

*Riddle & Fluty, for appellants.*